E-FILED
Saturday, 02 March, 2019  09:13:30 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | | |
|---|---|---|
| JEFFREY W. DODSON, individually and on behalf of all others similarly situated, | ) ) ) | Case No. |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | **JURY TRIAL DEMANDED** |
| NISSAN NORTH AMERICA, INC., | ) ) ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

Now comes the Plaintiff, JEFFREY W. DODSON ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, and for his Class Action Complaint against the Defendant, NISSAN NORTH AMERICA, INC. ("Nissan" or "Defendant"), Plaintiff alleges and states as follows:

## INTRODUCTION

1.     Plaintiff brings this class action lawsuit seeking damages and equitable relief on his own behalf and on behalf of all other Class members who purchased or leased a model year 2015 Nissan Altima (collectively referred to as the "2015 Altimas").

2.     The 2015 Altimas suffer from a dangerous defect.  Specifically, the occupant classification system ("OCS") software in the 2015 Altimas, as well as other models and years of Nissan vehicles, may incorrectly classify the front passenger seat as empty when it is occupied by an adult passenger, or classify the adult passenger as a child. In both instances, this issue may cause the passenger airbag not to deploy as designed in a crash, increasing the risk of injury to the front passenger seat occupant.

3.     For several years, Nissan has been aware of numerous customer complaints,

warranty claims and other data that demonstrated that the OCS's in the 2015 Altimas, as well as other models and years of Nissan vehicles, were defective. Nissan knew the OCS's in these vehicles did not function properly and needed to be redesigned, reprogrammed, and/or replaced. Nissan initially failed to disclose this serious safety flaw and continued selling and servicing 2015 Altimas and other vehicles that posed a risk of injury to occupants riding in the front passenger seat of those vehicles.

4.     In March 2014, Nissan admitted that the OCS software suffered from a dangerous defect and issued a recall campaign (the "2014 Recall") to reprogram the OCS ECU in affected vehicles manufactured prior to March 2014.

5.     The 2014 Recall, however, still did not fix the OCS defect in the Recalled Vehicles. Numerous vehicles that were included in the 2014 Recall and received the recall campaign "repair" continued to experience the exact same defect in the OCS.

6.     After over two years of additional customer complaints, "dialogue" and meetings between Nissan and the National Highway Traffic Safety Administration ("NHTSA"), at least three incidents where a Nissan OCS system "may not have performed as designed in a crash," investigation, etc., Nissan issued a safety recall in April 2016 (the "2016 recall"). *See* amended Defect Information Report, attached hereto as Exhibit 1.

7.     The 2016 recall included the 2015 Altimas, along with numerous other years and models of Nissan vehicles, as reflected in Exhibit 1. Nissan's reporting to NHTSA indicated that one hundred percent (100%) of the affected years and models of Nissan vehicles contained the OCS defects, including but not limited to the 2015 Altimas.

8.     Plaintiff and other 2015 Altima owners have continued to experience the OCS defects, despite the 2016 recall repairs having been performed on their vehicles, including reprogramming of the vehicles' Air Bag Control Units and OCS Electronic Control Units. To make

matters worse, Plaintiff has been denied further repairs to remedy this problem.

9.      At all relevant times, Nissan marketed and advertised the 2015 Altimas as being safe and reliable. For example, according to the 2015 Altima digital brochure, the "Nissan Advanced Air Bag System with dual-stage supplemental front air bags with seat belt and occupant-classification sensors" "help[s] protect passengers" "[w]hen a collision is unavoidable".[1]

10.      Nissan's failure to fully and timely disclose the extent of the defect in the OCS systems in the 2015 Altimas, in light of the effect on the safety and value of these vehicles to consumers, and Nissan's failure to adequately repair the defect in all of the 2015 Altimas, constitute violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*

11.      Plaintiff and the Class have been directly damaged by Nissan's false promises, misrepresentations, concealments, suppressions and omissions of material facts, by being misled into purchasing, owning, leasing, and maintaining vehicles with safety and operational qualities and characteristics that were not as advertised and warranted by Nissan and its agents.

12.      Had Plaintiff and the other Class members known about the OCS defect at the time of their purchase or lease of the 2015 Altimas, they would not have purchased or leased said vehicles, or they would have only agreed to pay a substantially lower price for their vehicles.

### JURISDICTION AND VENUE

13.      This Court has jurisdiction over this action under 28 U.S.C. § 1332 and 15 U.S.C. § 2310(d), as the aggregate amount in controversy exceeds $5,000,000, there are over 100 total class members, and Plaintiff and other Class members are citizens of a different state than Defendant. This Court also has supplemental jurisdiction over state law claims pursuant to 28

---

[1] *See* https://cdn.dealereprocess.net/cdn/brochures/nissan/2015-altima.pdf (at p. 11).

U.S.C. § 1367(a).

14.     Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and Nissan regularly conducts business throughout this District.

## PARTIES

15.     Plaintiff is a resident of Knoxville, Knox County, Illinois. Plaintiff purchased a 2015 Nissan Altima from Uftring Nissan, Inc., an authorized Nissan dealer located in Peoria, Illinois, in October 2015.

16.     Defendant is a corporation formed under the laws of the State of California, with its headquarters located in Franklin, Tennessee. At all times relevant to this action, Nissan manufactured, sold, and warranted under the Nissan brand name, the 2015 Altima vehicles throughout the State of Illinois and the entire United States.

## TOLLING OF STATUTES OF LIMITATION

17.     Any applicable statute(s) of limitations have been tolled by Nissan's knowing and active concealment and denial of the facts alleged herein, because Plaintiff and the other Class members could not have reasonably discovered the true, latent, defective nature of the 2015 Altimas. Nissan was and remains under a continuing duty to disclose the following to Plaintiff and the other Class members: the true character, quality, and nature of the 2015 Altimas; the fact that the OCS defect is based on a poor design, improper programming, and/or substandard materials; that the OCS defect requires repairs that Nissan cannot adequately perform; that the OCS defect poses a safety concern; and that the OCS defect diminishes the resale value of the 2015 Altimas. As a result of this active concealment by Nissan, any and all statutes of limitations applicable to the allegations herein have been tolled.

## SUBSTANTIVE ALLEGATIONS

### Air Bags and the Occupant Classification System

18.     Front air bags for both drivers and passengers are a fundamental safety feature in modern vehicles. Federal statutes and regulations promulgated by NHTSA have, for over 20 years, required all passenger cars to have front air bags for drivers and passengers. These laws and regulations also require the air bags to meet certain crash-safety standards.

19.     NHTSA's regulations have further required, for over 12 years, that all passenger cars have "advanced air bags," which must have sensors to detect when children and smaller adults are sitting in the front passenger seat and either deactivate the air bag or deploy the air bag with less force when appropriate.

20.     Automotive companies now equip most, if not all, models of vehicles with an Occupant Classification System ("OCS") – a system of sensors that detect the detect the presence of a front-seat passenger, the passenger's approximate weight, and the passenger's seating position. OCS data is used to determine if the airbag should be deployed, and the velocity at which it should be deployed in a collision. Different airbag deployment velocities are used depending upon the weight of the front-seat passenger.

21.     The following is a summary of the manner in which an OCS works. Inside the vehicle seat there is a pressure sensor, a silicone-filled "bladder," and an electronic control unit ("ECU"). When a person sits on the passenger seat, the pressure sensor signals the occupant's weight to the ECU. Based on the information, the vehicle's computer turns the passenger air bag on or off, and/or adjusts the velocity at which it would be deployed. The air bags can deploy at full speed, partial speed, or not at all. The OCS also reads the passenger's seating position and determines if he or she is wearing a seat belt. It also has a seat belt tension sensor that allows the

OCS to interpret the tension created when a child seat is fitted into the passenger seat. A light or signal on the vehicle's instrument panel tells the driver whether the passenger air bag is on or off.

### Nissan's Promotion of the OCS as an Important Safety Feature

22.  Nissan marketed and advertised (and continues to market and advertise) its vehicles, including the 2015 Altimas, as safe and reliable.

23.  For example, Nissan's website lists the standard "Nissan Advanced Air Bag System with dual-stage supplemental front air bags with seat-belt and occupant-classification sensors" as a reason why consumers should purchase a 2015 Altima.[2]

24.  The web pages for other Nissan vehicles promote similar safety features of the other Nissan models affected by the 2016 recall. The same information is routinely given to customers at Nissan dealerships in brochures and is readily available on the internet to any interested car buyer in the form of digital brochures.

25.  Nissan's representations described above in its brochures, on its website, and in other advertising for the 2015 Altimas are false and misleading. The OCS system in the 2015 Altimas and other models covered by the 2016 recall is defective and does not function as represented. As a result of the defect, the 2015 Altimas, as well as other models and years of Nissan vehicles, may incorrectly classify the front passenger seat as empty when it is occupied by an adult passenger, or classify the adult passenger as a child. In both instances, this issue may cause the passenger airbag not to deploy as designed in a crash, increasing the risk of injury to the front passenger seat occupant. As such, the defective OCS does not "help protect passengers," as represented in the 2015 Altima brochure. To date, Nissan has not provided Plaintiff, the Class members, and owners of other Nissan vehicles covered by the 2016 recall with an adequate repair

---

[2] *See* 2015 Altima specifications https://www.nissanusa.com/vehicles/altima-archive/2015/versions-specs.html (as listed on October 23, 2018).

or replacement to fix the OCS defect.

## **The 2014 Recall**

26.     In March 2014, Nissan launched a safety recall campaign to reprogram the OCS

ECU in several different models of 2013 and 2014 Nissan vehicles manufactured prior to March

2014. *See* Exhibit 1 at p. 4.

27.     Nissan describes the defect as follows:

> In the subject vehicles, a small number of rare passenger
> ingress scenarios and unusual seating postures immediately
> upon entering the vehicle, can cause the Occupant
> Classification System (OCS) to initially classify an adult
> passenger as a child or classify an occupied seat as an "empty
> seat." In both of such rare instances, the passenger airbag will
> be suppressed. If the vehicle begins driving while this
> condition is present, the current OCS logic will lock this
> classification until the vehicle comes to a stop and remains
> stationary for 12-13 seconds.
>
> In the case of a child classification, the current logic is
> designed to illuminate the Passenger Airbag Indicator
> (PABI) light, alerting the customer that the air bag is
> disabled. However, if the initial classification is "empty
> seat," the PABI light will not illuminate and there is no
> indication to the seat occupant that the air bag is suppressed.
> In both instances, this issue may cause the passenger airbag
> not to deploy as designed in a crash, increasing the risk of
> injury to the front passenger seat occupant.
>
> Nissan will also address a supply chain error which led to a
> small number of incorrect OCS control unit service parts
> being installed on certain Nissan Pathfinder vehicles during
> service. If this occurred, incompatibility may cause the OCS
> not to perform as designed and the passenger airbag not to
> deploy as designed in a crash, increasing the risk of injury to
> the front passenger seat occupant.

*See* Exhibit 1, at p. 3-4.

28.     Nissan's use of the words "rare" and "unusual" in this context are undefined,

leaving one to wonder what number constitutes "rare" in a recall affecting "[a]pproximately

7

3,296,947 vehicles." However, the "Percentage of Vehicles Estimated to Actually Contain the Defect" was admitted by Nissan to be one hundred percent (100%), including all 2015 Altimas. *See* Exhibit 1, at p. 2-3.

29.     In short, the 2014 recall stems from a defect in the OCS software. The software installed in the Nissan Vehicles' OCS may incorrectly determine that the passenger seat is empty when it is, in fact, occupied.  When that happens, the front passenger seat air bags would fail to deploy in an accident, increasing the possibility of injury or death to the front seat passenger.

### The 2014 Recall Did Not Remedy the OCS Defect

30.     Despite the 2014 recall, Nissan noted an elevated warranty claims rate in relation to the OCS system in its vehicles, indicating that the OCS defect persisted in many, if not all, of the affected models of Nissan vehicles. *See* Exhibit 1, at p. 4.

31.     Despite the fact that Nissan had been aware of the OCS defect for a significant period of time, the 2014 recall did not properly fix the defect in many, if not all, of the affected models of Nissan vehicles.

32.     Despite many Nissan vehicle owners going through the time-consuming process of bringing their vehicles to a Nissan dealer for service to fix the OCS defect, the defect remained, indicating that those procedures were insufficient to repair the OCS defect.

33.     On March 18, 2015, NHTSA'S Office of Defects Investigation ("ODI") reported that it had received 124 complaints alleging problems with the OCS in Nissan vehicles despite the 2014 recall repairs having been performed on those vehicles. NHTSA also reported that "[a]ccording to Nissan, the OCS may not properly classify adult front passenger occupants and deactivate, or turn off, the passenger's frontal air bag for an adult occupant." NHTSA opened a Recall Query to investigate the effectiveness of the recall remedy. *See* ODI Resume RQ 15-001,

attached hereto as Exhibit 2.

### The 2016 Recall

34.     In late December 2015 to January 2016, Nissan became aware of three incidents where the OCS system "may not" have performed as designed in a crash.

35.     These incidents, along with the continued complaints from Nissan owners, led to another Nissan OCS recall beginning in April 2016 (the "2016 recall").

36.     During or about April 2016, Nissan began sending the Interim Owner Notification for NHTSA Recall 16V-244 ("ION") to owners of 2015 Altimas, as well as owners of many other years and models of Nissan vehicles, as set forth directly below. *See* ION, attached hereto as Exhibit 3.

37.     In total, Nissan believed approximately 3,296,947 vehicles were subject to the 2016 recall.

> a.      2013, 2014, 2015, and 2016 Nissan Altima;
>
> b.      2013, 2014, 2015, and 2016 Nissan LEAF;
>
> c.      2016 and 2017 Nissan Maxima;
>
> d.      2015 and 2016 Nissan Murano;
>
> e.      2015 and 2016 Nissan Murano Hybrid;
>
> f.      2013, 2014, 2015, and 2016 Nissan NV 200;
>
> g.      2014, 2015, and 2016 Nissan Taxi;
>
> h.      2013, 2014, 2015, and 2016 Nissan Pathfinder;
>
> i.      2014 and 2015 Nissan Pathfinder Hybrid;
>
> j.      2014, 2015, 2016, and 2017 Nissan Rogue;
>
> k.      2013, 2014, 2015, and 2016 Nissan Sentra;

l.      2014, 2015, 2016, and 2017 Infiniti Q50;

m.      2014, 2015, and 2016 Infiniti Q50 Hybrid;

n.      2013 Infiniti JX35;

o.      2014, 2015, and 2016 Infiniti QX60;

p.      2014, 2015, and 2016 Infiniti QX60 Hybrid; and

q.      2015 and 2016 Chevrolet City Express.

*See* Exhibit 1, p. 3-4.

38.     The ION advised Nissan owners, including, but not limited to, owners of 2015 Altimas, that the reason for the 2016 recall was as follows:

> The Occupant Classification System (OCS) is designed to classify the size and weight of the front seat passenger and, under certain conditions, automatically turn OFF the passenger air bag. The OCS system is designed to only deploy the front passenger airbag when the front passenger seat is occupied by an adult. In the affected vehicles, the OCS software may incorrectly classify the passenger seat as empty when it is occupied by an adult. If the OCS does not detect an adult occupant in the passenger seat, the passenger airbag would be deactivated. Failure of the passenger airbag to deploy during a crash (where deployment is warranted) could increase the risk of injury to the passenger.

*See* Exhibit 3.

39.     Despite the fact that Nissan admitted to its customers that their vehicles contained a dangerous defect that could cause serious injury or death to a passenger, Nissan did not have parts available to provide repairs to the affected vehicles at that time. *See* Exhibit 3.

### Plaintiff's 2015 Altima and Defective OCS

40.     On or about October 10, 2015, Plaintiff purchased and took delivery of a 2015 Nissan Altima from Uftring Nissan ("Uftring") in Peoria, Illinois, Vehicle Identification Number 1N4AL3AP1FN906815.

41.     In consideration for Plaintiff's purchase of his 2015 Altima, Nissan issued and supplied to Plaintiff several written warranties, including, but not limited to, a three (3) year or thirty-six thousand (36,000) mile "bumper-to-bumper" warranty and a five (5) year or sixty thousand (60,000) mile powertrain warranty. The 2015 Altima was transferred to Plaintiff during the duration of said warranties and Plaintiff is entitled by the terms of said warranties to enforce the warranties.

42.     Plaintiff chose the 2015 Altima, in part, because he wanted a safely designed and manufactured vehicle. Plaintiff saw advertisements for Nissan vehicles on television and the internet, including but not limited to the Nissan website, before he purchased his Altima. Before he purchased the 2015 Altima, he recalls that safety and quality were consistent themes across the advertisements he saw. These representations about safety and quality influenced Plaintiff's decision to purchase the 2015 Altima.

43.     Unknown to Plaintiff at the time he purchased the 2015 Altima, but known to Nissan, his 2015 Altima was equipped with a defective OCS, which can result in the front passenger air bag being deactivated despite the fact that someone is seated in the front passenger seat. Nissan omitted this critical information from Plaintiff before he purchased the vehicle, despite Nissan's knowledge of the defect. As a result, Plaintiff purchased his 2015 Altima with the incorrect understanding that it would be a safe and reliable vehicle. Had Nissan disclosed the OCS defect, Plaintiff would not have purchased the 2015 Altima or he would have paid less than he did for it.

44.     Plaintiff could not reasonably have discovered the OCS defect prior to his acceptance of the 2015 Altima.

45.     During or about July of 2016, Plaintiff received an Owner Notification letter for the

11

2016 recall. A copy of said Owner Notification letter is attached hereto as Exhibit 4. Said letter advised Plaintiff to "**contact your Nissan dealers as soon as possible to arrange an appointment to have your vehicle reprogrammed.**" (emphasis in original)

46.     On or about August 5, 2016, Plaintiff took his 2015 Altima to Uftring for the OCS recall repair.

47.     Shortly after receiving his 2015 Altima back from Uftring, Plaintiff noticed that the OCS notification light on the vehicle's dash remained on.

48.     Plaintiff contacted Uftring regarding this issue and spoke with an individual who represented himself as the dealership's service manager. Uftring's service manager advised Plaintiff that since the reprogramming of the OCS in his 2015 Altima, it was normal for the OCS notification light to remain on. When Plaintiff advised Uftring's service manager that this was not acceptable, he was told there was nothing more that could be done for him.

49.     On or about August 16, 2016, Plaintiff called Nissan's national customer service at 800-647-7261. Plaintiff spoke with an individual who identified herself as Brie. Plaintiff explained to Brie that despite the 2016 recall repair having been performed on his 2015 Altima, the OCS notification light on his vehicle's dash remained on. Brie told Plaintiff that she would assign his complaint to a customer service representative, who would contact him within 24 hours. Brie also gave Plaintiff a case number of 23669357.

50.     The following day, on or about August 17, 2016, Plaintiff received a voicemail message from a woman who identified herself as Deantra from Nissan. Deantra asked Plaintiff to call her back at 615-725-7545.

51.     The following day, on or about August 18, 2016, Plaintiff called Deantra back and spoke with her. Deantra advised Plaintiff that since the reprogramming of the OCS in his 2015

Altima, it was normal for the OCS notification light to remain on. Plaintiff stated to Deantra that this was unacceptable, as he would have no way to know whether the vehicle was operating properly and it was distracting to him when driving in the dark. Deantra told Plaintiff there was nothing else that could be done for him and if the OCS notification light was distracting, he should place a piece of tape over it. Plaintiff asked Deantra if he could speak to a supervisor. Deantra replied that she was the one handling his case and refused to let him speak with anyone else. Deantra reiterated to Plaintiff that there was nothing else that could be done for him.

52.     As of the filing of this Complaint, the OCS notification light in Plaintiff's 2015 Altima continues to turn on and off without warning, often remaining on for an extended period of time before turning off temporarily, until it illuminates again.

### The 2016 Recall Still Did Not Remedy the OCS Defect

53.     Other owners have also experienced defects with their 2015 Altimas' OCS systems, similar to the experiences of Plaintiff as alleged herein

54.     For example, one 2015 Altima owner reported the following to NHTSA on or about August 21, 2018: [3]

> THE FRONT PASSENGER SIDE AIRBAG INDICATOR LIGHT
> CAME ON INDICATING THAT THE FRONT PASSENGER
> AIRBAG WAS OFF. MY WIFE WAS SITTING IN THE FRONT
> PASSENGER SIDE SEAT AT THE TIME. SHE HAD HER SEAT
> BELT ON. I WAS DRIVING DOWN THE ROAD AT 70 MPH ON
> A HIGHWAY AT THE TIME. I HAVE THIS ON VIDEO THAT
> SHOWS THAT THIS LASTED FOR APPROXIMATELY 12
> MINUTES BEFORE THE LIGHT WENT OFF AND THE
> AIRBAG SYSTEM INDICATED THAT THE AIRBAG WOULD
> DEPLOY IN THE EVENT OF AN EMERGENCY. THIS IS 12
> MINUTES WHERE MY WIFE WAS NOT PROTECTED BY AN

---

[3] All consumer complaints to NHTSA quoted herein can be found on NHTSA's website at https://www.nhtsa.gov/vehicle/2015/NISSAN/ALTIMA/4%252520DR/FWD#complaints381 (date last visited February 28, 2019). Grammatical errors have not been corrected. The complaints are reproduced as they read on NHTSA's website. These are some examples of many similar complaints made to NHTSA and not an exhaustive list.

> AIRBAG SYSTEM. THE VIDEO THAT I HAVE IS FROM AND IPHONE AND IS NOT IN A SUPPORTED FILE FORMAT FOR UPLOADING. I WOULD BE HAPPY TO SEND IT TO YOU ANOTHER WAY. I CONTACTED THE NHTSA ABOUT 8 MONTHS AGO ABOUT THIS ISSUE AND HAVE NOT HEARD ANYTHING. I CONTACTED NISAN AT THE SAME TIME AND THEY INDICATED THAT WITHOUT ANY ERROR CODES, THERE IS NO PROOF THAT THIS IS AN ISSUE OR IS REALLY HAPPENING. I HAVE DOCUMENTED VIDEO EVIDENCE THAT THIS IN FACT DID OCCUR. THIS IS A SAFETY ISSUE IN WHICH NO ONE SEAMS TO CARE ABOUT. YOU WOULD THINK THAT WITH ALL OF THE RECENT TROUBLES WITH AIRBAGS, SOMEONE WOULD TAKE SOME INTEREST IN LOOKING INTO THE ROOT CAUSE OF THE ISSUE. I AM ASKING THE NHTSA TO PLEASE ASSIST ME IN GETTING THIS SAFETY ISSUE RESOLVED. I CONTACTED NISAN AGAIN AND THEY HAVE NOT RETURNED MY CALL.

55.     Another 2015 Altima owner reported the following to NHTSA on or about February 27, 2018:

> 2015 NISSAN ALTIMA. CONSUMER WRITES IN REGARDS TO CONTINUING PROBLEM WITH AIRBAG WARNING LIGHT. *LD
>
> THE CONSUMER STATED AFTER THE AIRBAG WAS REPAIRED, THE PASSENGER SEAT AIRBAG WARNING LIGHT ILLUMINATED. *JS

56.     Another 2015 Altima owner reported the following to NHTSA on or about April 21, 2017:

> FRONT PASSENGER SEAT AIRBAG OCCUPANT SENSOR - PREVIOUSLY HAD DEALER REPROGRAM SENSOR AS THE AIR BAG OFF LIGHT WOULD ILLUMINATE EVEN WHEN A PASSENGER WAS PRESENT. THIS SITUATION STILL SPORADICALLY OCCURS. HAVE VEHICLE AT NISSAN DEALER TO RE-PROGRAM AGAIN. THIS WILL MAKE THE 2ND ATTEMPT TO CORRECT THIS SAFETY PROBLEM. WAS INFORMED THAT THEY DON'T HAVE A TEST REQUIREMENT TO PERFORM AFTER THE RECALIBRATION. WILL ATTEMPT TO CAPTURE NEXT OCCURRENCE BY PHOTO.

57.     Another 2015 Altima owner reported the following to NHTSA on or about February 21, 2017:

> AIR BAG LIGHT COMES ON PASSENGER SIDE SEAT INDICATING AIR BAG OFF,WITH PASSENGER SITTING IN SEAT(PASSENGER WEIGHS OVER 115 #. I HAVE BROUGHT CAR IN FOR SEAT AND AIR BAG RECALL! BROUGHT IN 2 MORE TIMES FOR SAME PROBLEM. STILL SAME PROBLEMS. CONTACTED NISSAN CORP AND TOLD PROBLEM. AS TOLD BY NISSAN REP THAT THEY SPOKE WITH DEALERSHIP THAT ALL WAS DONE TO CORRECT PROBLEM AND KNOWN OF ANYTHING THAT THEY COULD DO FOR PROBLEM. THE PROBLEM DOES THIS ERRATICALLY WHEN CAR IS IN MOTION OR STATIONARY. I M AM AFRAID TO USE AUTO WITH PASS IN SEAT NOT KNOWING IF AIR BAG WOULD WORK IN CASE OF A ACCIDENT.

58.     Another 2015 Altima owner reported the following to NHTSA on or about January 23, 2017:

> NIISSAN HAS TRIED TO REPAIR THE PASSENGER SIDE AIRBAG FOUR(4) TIMES. INTERMITTENTLY TURNS OFF WITH PASSENGER IN FRONT PASSENGER SEAT. THEY HAVE TRIED EVERYTHING, BUT WILL NOT TAKE CAR BACK. THIS WAS A RECALL ALREADY ISSUED. TO MAKE MATTERS WORSE MY RENTAL CAR IS A 2017 NISSAN ALTIMA & IT DOES THE SAME THING. THIS HAPPENS WHEN CAR IS IN MOTION OR PARKED & RUNNING. THIS IS A PROBLEM SINCE JUNE 2016. ALL VIDEOES ARE TOO LONG TO ADD.

59.     Another 2015 Altima owner reported the following to NHTSA on or about December 30, 2016:

> MY 2015 ALTIMA AIRBAG LIGHTS WERE ON, I BROUGHT THE CAR IN FOR SERVICING ON DECEMBER 23RD TO COVER THE RECALL.
>
> ON THE 29TH WITH WIFE IN CAR AIRBAG LIGHT CAME BACK ON DASHBOARD.

SENSOR DOES NOT WORK PROPERLY IN SEAT. WIFE WEIGHS OVER 120 POUNDS.

I LOOKED ONLINE AND FOUND MANY OTHER PEOPLE HAVE THE SAME ISSUE WITH THE RECALL, THEIR CAR NEVER RECEIVES THE UPDATE AND CUSTOMERS HAVE TO GO BACK IN REPEATEDLY AND THE PROBLEM IS NEVER RESOLVED.

SO AIRBAGS WON'T DEPLOY NOW WHEN MY WIFE IS A PASSENGER.

NISSAN IS NOT REPLACING EVERYTHING THEY COULD TO FIX THE PROBLEM.

FOR SOME THE REPROGRAMMING WORKS.

FOR OTHERS THEY NEED COMPLETE REPLACEMENT OF ELECTRONICS.

MY CAR IS GOING BACK IN FOR WHAT THEY CALL "SERVICING" AS THE RECALL WAS ALREADY PREFORMED ON THE VEHICLE.

60.    Another 2015 Altima owner reported the following to NHTSA on or about

December 15, 2016:

TL* THE CONTACT OWNS A 2015 NISSAN ALTIMA. WHILE DRIVING 35 MPH, THE AIR BAG WARNING INDICATOR ILLUMINATED WHILE THE PASSENGER SEAT WAS OCCUPIED. THE VEHICLE WAS SERVICED PER NHTSA CAMPAIGN NUMBER: 16V244000 (AIR BAGS), BUT THE REMEDY FAILED TO REPAIR THE VEHICLE. THE VEHICLE WAS TAKEN TO THE DEALER, BUT THE FAILURE COULD NOT BE DUPLICATED. THE MANUFACTURER WAS NOTIFIED. THE FAILURE MILEAGE WAS 51,000. THE VIN WAS NOT AVAILABLE.

61.    Another 2015 Altima owner reported the following to NHTSA on or about October

28, 2016:

AIRBAG LIGHT STILL ON AFTER RECALL. FOUND AIRBAG CONTROL UNIT CODE STORED ABNORMAL VOLTAGE AFTER AIRBAG REPROGRAM WAS PERFORMED.

16

REPLACED AIRBAG CONTROL UNIT AND TESTED SYSTEM AIRBAG LIGHT NO LONGER ON.. PER DEALER 9/2/16. 10/27/16 I TOOK BACK TO DEALER AIRBAG LIGHT STILL NOT COMING OFF WITH ADULT PASSENGER MOST OF THE TIME . SOMETIMES IT WOULD WORK OTHER TIMES LIGHT TELLING AIRBAG WAS OFF WOULD NOT WORK. IT'S BACK AT DEALER AND ONLY HAS 10,000 MILES. I'M REALLY CONCERN FOR THE SAFETY OF MY FAMILY.

62.     Another 2015 Altima owner reported the following to NHTSA on or about October 14, 2016:

RECALLED DUE TO THE AIR BAG LIGHT NOT WORKING PROPERLY. WENT INTO DEALER AND WAS FIXED. 3 TIMES SINCE THEN THE SAME THING HAS HAPPENED. DEALER FEELS IT'S NOT A PROBLEM!

63.     Another 2015 Altima owner reported the following to NHTSA on or about August 23, 2016:

PASSENGER AIR BAG TURNED OFF A FEW TIMES SINCE NEW. TOOK IN TO DEALER FOR RECALL TO REPROGRAM. WAS TOLD LIGHT WOULD BE ON UNTIL AN ADULT SAT IN THE SEAT. SEVERAL ADULTS HAVE SAT IN SEAT WITH ADEQUATE WEIGHT TO SENSE PRESENCE. AIR BAG IS STILL OFF AND HAS BEEN OFF SINCE REPROGRAMMED. DEALER SHOULD HAVE HAD PERSON SIT IN SEAT TO VERIFY OPERATION PRIOR TO RELEASING AN UNSAFE VEHICLE TO CUSTOMER. HAVE NOT RETURNED TO THE DEALER.

64.     Another 2015 Altima owner reported the following to NHTSA on or about August 22, 2016:

HAVING FIXED A RECALL RELATED TO AIRBAG SENSORS, THE PASSENGER SIDE AIRBAG LIGHT KEEPS GOING OFF (INDICATING THE AIRBAG IS OFF) EVEN WHEN OCCUPIED BY A 130 POUND PASSENGER SITTING PROPERLY IN THE VEHICLE SEAT (BACK STRAIGHT AGAINST SET BACK, KNEES BENT AT EDGE OF SEAT, FEET FLAT ON THE FLOOR) WITH SEATBELT ON PROPERLY (LAPBELT ACROSS HIPS/LAP AND SHOULDER

BELT ACROSS THE SHOULDER) THIS HAPPENS REPEATEDLY, THOUGH TO HAD TO SELECT 1 DATE TO FILE THIS REPORT.

65.     Another 2015 Altima owner reported the following to NHTSA on or about August

9, 2016:

TL* THE CONTACT OWNS A 2015 NISSAN ALTIMA. THE CONTACT STATED THAT THE AIR BAG WARNING LIGHT ILLUMINATED. THE VEHICLE WAS SERVICED PER NHTSA CAMPAIGN NUMBER: 16V244000 (AIR BAGS), BUT THE REMEDY FAILED TO REPAIR THE VEHICLE. THE CONTACT MENTIONED THAT THE AIR BAG WARNING LIGHT REMAINED ILLUMINATED AFTER THE RECALL REPAIR. THE MANUFACTURER WAS NOTIFIED. THE FAILURE MILEAGE WAS 8,000. UPDATED 10/18/16*LJ

THE CONSUMER STATED AFTER THE RECALL WAS PERFORMED, THE LIGHTED ILLUMINATED AGAIN. THE CONSUMER WENT TO ANOTHER DEALER, WHERE THE RESET THE LIGHT. UPDATED 10/25/16.*JB

66.     Another 2015 Altima owner reported the following to NHTSA on or about August

4, 2016:

I RECEIVED A RECALL NOTICE FOR MY 2015 ALTIMA FOR THE OCS MODULE. THIS SHUTS OFF THE FRONT PASSENGER AIR BAG IF THE PERSON SITTING IN THE SEAT ISN'T HEAVY ENOUGH TO BE AN ADULT. I TOOK IT INTO THE DEALER AND THEY REPROGRAMMED IT ACCORDING TO THE RECALL DIRECTIONS. TWO DAYS LATER I WAS RIDING IN THE FRONT PASSENGER SEAT WHILE MY WIFE WAS DRIVING AND NOTICED THE LIGHT WAS ON THAT TELLS YOU THE FRONT PASSENGER AIR BAG IS OFF. I CALLED THE DEALER AND THEY SAID IT MIGHT NOT HAVE TAKEN THE WHOLE PROGRAM AND THEY WOULD DO IT AGAIN. WHEN I TOOK IT IN THE SERVICE PERSON WOULDN'T EVEN LOOK AT IT OTHER THAN TO SIT IN THE PASSENGER SEAT AND TELL ME IT WAS FINE BECAUSE THE LIGHT DIDN'T COME ON. IN THE YEAR I OWNED IT THE LIGHT ONLY CAME ON TWICE WITH AN ADULT IN THE PASSENGER SEAT BEFORE THE RECALL. THE SERVICE PERSON EVEN TRIED TO TELL ME THE AIR BAGS WILL WORK WITH THE LIGHT ON SAYING

> THEY ARE OFF. THAT'S NOT WHAT THE PAPERWORK
> SAYS THAT THE SAME DEALERSHIP GAVE ME WHEN
> THEY DID THE RECALL WORK. SO NOW I'M LEFT WITH A
> CAR THAT SOMEONE IN THE FRONT PASSENGER SEAT
> COULD GET INJURED OR KILLED IF THERE'S AN
> ACCIDENT AND THE AIR BAG IS OFF BECAUSE THE OCS
> MODULE ISN'T READING THEIR WEIGHT RIGHT. I FILED A
> COMPLAINT WITH NISSAN NORTH AMERICA AND THEY
> TOLD ME AFTER CONFERRING WITH THE DEALER THERE
> IS NOTHING THEY CAN DO TO HELP ME. WHAT!!!

67.     Another 2015 Altima owner reported the following to NHTSA on or about August 1, 2016:

> CAR WAS REPROGRAMMED FOR THE "OCS" FIX. HAVE
> SAME PROBLEM STILL.

68.     The Owner's Manuals for 2015 Altimas states, "If the front passenger air bag is OFF, the passenger air bag status light will be illuminated…"[4]

69.     Thus, according to Nissan, the illumination of the OCS notification light (i.e. the "passenger air bag status light") indicates that the front passenger air bag will not inflate in the event of a collision.

70.     Plaintiff and the other Class members have suffered concrete and particularized injuries and harm because they paid more for their 2015 Altimas than they should have or would have paid, had they known about the preexisting OCS defect. A vehicle containing the OCS defect described herein is worth less than a vehicle free of such a defect. At the time Plaintiff and the other Class members purchased their vehicles, they paid a price based on the value of such vehicles free of this dangerous defect. Had Plaintiff and the other Class members known that the 2015 Altimas lacked proper air bag protection for passengers riding in the front seat of the vehicle, they would not have purchased the 2015 Altimas or they would have paid substantially less for them.

---

[4] *See* https://owners.nissanusa.com/content/techpub/ManualsAndGuides/Altima/2015/2015-Altima-owner-manual.pdf, at p. 1-50.

19

This is underscored by the great deal of attention Nissan gives to safety features, such as the OCS, in its marketing and advertising materials for the 2015 Altimas and other vehicles.

71.     During the time between the purchase of their 2015 Altimas and the filing of this Complaint, Plaintiff and the other Class members have driven vehicles which do not offer safe and/or reliable protection to passengers riding in the front passenger seat. Plaintiff and other members of the Class have been deprived of the opportunity and contractual right to drive and/or ride in a vehicle that has a fully and properly functioning OCS and passenger-side air bags. In particular, Plaintiff and the other Class members suffered their concrete and particularized injuries and harm at the moment they purchased their defective 2015 Altimas.

72.     Owners of 2015 Altimas were informed of the OCS defect when Nissan initiated the 2016 recall, but Nissan has failed to implement a remedy that properly fixes the defect. 2015 Altima owners have, for periods of months or years, driven vehicles that may not afford the proper crash protection to their passengers that Plaintiff and the other Class members were led to believe the 2015 Altimas would provide.

## CLASS ALLEGATIONS

73.     Plaintiff brings this action on behalf of himself and all others similarly situated, as members of the proposed class defined as follows (the "Class"):

> All individuals or entities who purchased or leased a 2015 Nissan Altima in the State of Illinois within four years prior to the filing of this Complaint.

74.     Nissan, its employees and agents are excluded from the Class. Any individuals claiming damages from personal injuries arising from the OCS defect are also excluded from the Class. Plaintiff does not know the number of members in the Class, but believe the members number in the thousands. Thus, this matter should be certified as a Class Action to assist in the

expeditious litigation of the matter.

75.     The Class is so numerous that the individual joinder of all its member is impractical. While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class includes thousands of members. Plaintiff alleges that the Class members may be ascertained by the records maintained by Nissan and its authorized dealers.

76.     This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class is so numerous that joinder of all its members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and to the Court.

77.     There are questions of law and fact common to the Class affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual members and include, but are not limited to, the following:

     a.     Whether the defective design issue is common to all 2015 Altimas;

     b.     Whether Nissan concealed and continues to conceal known defects affecting the 2015 Altimas;

     c.     Whether Nissan misrepresented and/or omitted information related to the safety features of the 2015 Altimas;

     d.     Whether Nissan's misrepresentations and omissions regarding the safety and quality of its 2015 Altimas were likely to deceive a reasonable person;

     e.     Whether a reasonable customer would pay less for a 2015 Altima that had the OCS defect;

     f.     Whether Nissan breached its applicable warranties;

g.      Whether, as a result of Nissan's omissions and misrepresentations related to the OCS defect, Plaintiff and the Class have suffered ascertainable loss of monies, property and/or value;

h.      Whether, as a result of Nissan's breaches of its applicable warranties, Plaintiff and the Class have suffered ascertainable loss of monies, property and/or value;

i.      Whether monetary damages, restitution, equitable, injunctive, and/or other relief is warranted;

j.      Whether Nissan violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*; and

k.      Whether Nissan violated the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*

78.     As an individual who purchased a 2015 Nissan Altima in the State of Illinois within four years prior to the filing of this Complaint, Plaintiff is asserting claims that are typical of the Class.

79.     Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Class.

80.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties,

and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each Class member. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

81.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

82.     Nissan has acted or refused to act in respect generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the Class as a whole.

83.     The size and definition of the Class can be identified through Nissan's records, Nissan's agents' records and/or other third parties' records.

## COUNT I
## Breach of Written Warranty Pursuant to the Magnuson-Moss Warranty Act

84.     Plaintiff hereby adopts and re-alleges paragraphs 1 through 83 of this Complaint as if fully set forth herein.

85.     The Magnuson-Moss Warranty Act, Chapter 15 U.S.C. § 2301, *et seq.* ("Warranty Act") is applicable to Plaintiff in that the 2015 Altima was manufactured and purchased after July 4, 1975, and cost in excess of ten dollars ($10.00).

86.     Plaintiff purchased the 2015 Altima, a consumer product, during the written warranty period applicable to the 2015 Altima and was entitled to enforce the written warranties against Defendant.

87.     Defendant is a "person" engaged in the business of making consumer products

23

directly available to the public and, in this case, to Plaintiff.

88.     Plaintiff's purchase of the 2015 Altima was accompanied by written factory warranties covering any nonconformities or defects in material or workmanship, including the OCS defect described herein.

89.     Defendant's written warranty was a basis of the bargain of the sale between Dealership and Plaintiff.

90.     Plaintiff's purchase of the 2015 Altima was induced by these written warranties and Plaintiff relied upon these written warranties to his detriment.

91.     Plaintiff has fully complied with all of his obligations under the written warranties.

92.     As a direct and proximate result of Defendant's failure to comply with its express written warranties by failing to correct the OCS defect as described herein, Plaintiff has suffered and will continue to suffer damages and, in accordance with 15 U.S.C. § 2310(d)(1), is entitled to bring suit for such damages and other legal and equitable relief, including attorneys' fees incurred in connection with this action.

### COUNT II
### Breach of Implied Warranties Pursuant to the Magnuson-Moss Warranty Act

93.     Plaintiff hereby adopts and re-alleges paragraphs 1 through 92 of this Complaint as if fully set forth herein.

94.     The 2015 Altima purchased by Plaintiff was subject to implied warranties of merchantability and fitness for a particular purpose, as defined in 15 U.S.C. § 2301(7), running from Defendant to Plaintiff.

95.     Defendant appointed Uftring as its agent for purposes of transferring the implied warranties of merchantability and fitness for a particular purpose to Plaintiff.

96.     Plaintiff is and was at all relevant times in privity of contract with Defendant.

97.     Defendant is prohibited from disclaiming or modifying any implied warranty when making a written warranty to a consumer.

98.     Pursuant to 15 U.S.C. § 2308, Plaintiff's 2015 Altima was impliedly warranted to be fit for the ordinary purpose for which it was intended and for the particular purpose for which it is used by Plaintiff.

99.     The above-described defects and nonconformities, including the OCS defect, present in the 2015 Altima render the 2015 Altima unfit for the ordinary purpose for which it was intended and for the particular purpose for which it is used by Plaintiff.

100.    As a direct and proximate result of the Defendant's breach of implied warranties, Plaintiff has suffered and will continue to suffer various damages.

## COUNT III
## Violations of the Illinois Consumer Fraud and Deceptive Business Practices Act

101.    Plaintiff hereby adopts and re-alleges paragraphs 1 through 100 of this Complaint as if fully set forth herein.

102.    Plaintiff is a "person" as defined in 815 ILCS 505/1(c), as he is a natural person.

103.    Defendant is a "person" as defined in 815 ILCS 505/1(c), as it is a company and a business entity and/or association.

104.    815 ILCS 505/2 states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

25

105. Defendant employed deception fraud, false pretenses, false promises, misrepresentations, concealment, suppression and/or omission of material facts in various ways in relation to the sale and attempted repair of 2015 Altimas, the OCS defect, and the 2014 and 2016 Recalls, which include but are not limited to the following:

      a.     Marketing the 2015 Altimas as safe and reliable vehicles;

      b.     Representing that the 2014 and 2016 Recalls would remedy the OCS defect;

      c.     Advising Plaintiff that it was normal for the OCS notification light in his 2015 Altima to remain on when an adult was sitting in the passenger seat; and

      d.     Representing that the warranties which accompanied the sale of the 2015 Altimas would cover repairs to any defects in such vehicles, including defects in such vehicles' OCS.

106. Defendant intended that Plaintiff rely upon said deception, fraud, false pretenses, misrepresentations, concealments, suppressions and/or omissions of material facts.

107. 815 ILCS 505/10a states:

> (a) Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper...

> (c) [T]he Court may grant injunctive relief where appropriate and may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party.

108. In taking the actions and omissions set forth above, and employing the deception, fraud, false pretenses, misrepresentations, concealments, suppressions and/or omissions of material facts set forth above, Defendant violated the Illinois Consumer Fraud and Deceptive

Business Practices Act, including, but not limited to 815 ILCS 505/2.

109.   By reason thereof, Plaintiff is entitled to a judgment against Defendant, declaring that Defendant's conduct violated 815 ILCS 505/2, enjoining Defendant from engaging in similar conduct in the future, and awarding actual damages, punitive damages, injunctive relief, costs and attorneys' fees.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment against Defendants as follows:

a.   Declaring that this action is properly maintainable as a Class Action, certifying Plaintiff as the Class representatives, and Plaintiff's counsel as the Class counsel;

b.   An order requiring Defendants, at their own cost, to notify all members of the Class of the unlawful, unfair, deceptive and unconscionable conduct herein;

c.   Awarding Plaintiffs and the Class all actual damages suffered;

d.   Awarding Plaintiffs and the Class punitive damages;

e.   Awarding Plaintiffs and the Class reasonable attorneys' fees, litigation costs, and related expenses incurred in this Action;

f.   Awarding pre-judgment interest and post-judgment interest as allowed by law; and

g.   Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues in this action so triable, except for any issues related to the amount of attorneys' fees and litigation costs to be awarded should Plaintiffs prevail on any of their claims in this action.

RESPECTFULLY SUBMITTED,

JEFFREY W. DODSON

By:    /s/ David B. Levin
        Attorney for Plaintiffs
        Illinois Attorney No. 6212141
        Law Offices of Todd M. Friedman, P.C.
        333 Skokie Blvd., Suite 103
        Northbrook, IL 60062
        Phone: (224) 218-0882
        Fax: (866) 633-0228
        dlevin@toddflaw.com